Argued June 20, remanded July 30, 1973

SEAWRIGHT, *Respondent, v.* NELSON ET AL
(No. 19963), *Appellants.*

512 P2d 1014

*Robert A. Lucas,* District Attorney, St. Helens, argued the cause and filed the brief for appellants.

*Robert P. Van Natta,* St. Helens, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

In this writ of review proceeding plaintiff challenges the denial of his application for a temporary permit to use his property in a manner not in compliance with applicable zoning ordinances. The trial court remanded the matter to the defendants, the county commissioners, for further proceedings. Defendants appeal from that remand order.

In September 1970 an interim ordinance zoned the property in question Rural-Suburban Residential (R-S). In October 1971 plaintiff purchased property in the area zoned R-S and opened a real estate office, converting a house to an office. Plaintiff's operation of the real estate office is not a permitted or conditional use in the R-S zone.

After unsuccessful efforts to obtain a zone change, plaintiff applied for a temporary permit to continue operation of his real estate office. The application was based on Sections 14.010 to 14.040—specifically Section 14.025—of the Columbia County Interim Zoning Ordinance, which provide:

"Section 14.010. Notwithstanding the limitations of use as established by this ordinance in each of the several districts, the Board of Adjustment may issue temporary permits, valid for a period of not more than three (3) years, subject to an annual review, after issuance, for structures, or uses which are of a temporary nature, such as:

"Section 14.020. Storage of equipment during the building of roads or developments.

"Section 14.021. Real estate office used for the sale of lots or housing in subdivisions.

"Section 14.022. Temporary storage of structures or equipment, including boats and trailers.

"Section 14.023. Sheds used in conjunction with the building of a structure.

"Section 14.024. Temporary housing.

"Section 14.025. Other uses of a temporary nature when approved by the Board of Adjustment and the Board of County Commissioners.

"Section 14.030. Mobile homes temporarily located on a building site or lot issued where there exists a personal, but not necessarily financial, hardship on the part of the applicant whereby it is necessary to have an elderly member of the family living on the same premises as the applicant's dwelling.

"Section 14.040. The Board of Adjustment may attach conditions it deems necessary in regard to the proposed use to carry out the intent and purpose of this ordinance."

It is doubtful that these provisions of the ordinance were ever intended to cover this situation where, in fact, plaintiff is seeking a variance. However, for present purposes we can assume the above sections of the zoning ordinance create a possible basis for granting plaintiff a temporary permit.

Plaintiff's initial application to the Planning Commission, dated March 23, 1972, requested a temporary "permit to use my property as a Real Estate Office up to 3 years," the maximum length of time permitted under the ordinance. On May 4, 1972, the Planning Commission granted plaintiff a 60-day nonrenewable temporary permit. On May 11, 1972, plaintiff appealed to the county commissioners. His appeal, in the form of a letter, stated he had purchased other property on which he planned to relocate his office, but that he was having some problems with

building permits, water supply, sanitation permits, etc. That letter concluded:

"If the Commissioners will give me six months instead of 60 days I think I can resolve the problems refered [sic] to above."

On August 2, 1972, plaintiff was informed that the commissioners had extended the temporary permit granted by the Planning Commission to October 1, 1972, contingent on the removal of all but one sign from the property. On September 6, 1972, plaintiff initiated this writ of review proceeding challenging the commissioners' decision.

We interpret plaintiff's May 11, 1972, appeal to the county commissioners as a request for a six-months' temporary permit and an abandonment of his earlier request for a three-year permit. At that point he had been operating his office in violation of the zoning ordinance for about seven months; his representations were that he had taken steps to bring himself into compliance with zoning requirements, and that he expected to complete this process within six months.

Therefore, the period of time for which plaintiff, on appeal to the county commissioners, sought a temporary permit has long since passed. This case is now moot.

We therefore remand to the circuit court for entry of an order setting aside its order remanding to the county commissioners.

Remanded.